SHAW, Chief Justice,
concurring in part and dissenting in part.
In my opinion, an undue portion of lawyer advertising in our state is potentially misleading and thus highly repugnant. A number of the present rules adopted by the majority, however, will greatly impede the free flow of truthful, nondeceptive information concerning the availability of legal services to large segments of our society. This will adversely affect the administration of justice in our state. While I concur in the adoption of those rules that directly prohibit false or misleading advertising, I dissent from the adoption of those rules that impermissibly infringe on first amendment rights. In particular, I object to the total ban on the use of testimonials and dramatizations and to several of the restrictions placed on advertisements in the electronic media, e.g., that only a single voice can be used with no background sound other than instrumental music, that the voice cannot be that of a celebrity but can only be that of a full-time employee of the firm being advertised, and that only this employee can appear on the screen.
Although the banned advertising practices may have been the subject of abuse and are potentially misleading, they are not inherently so. Each can be, and undoubtedly has been, used effectively to provide the consumer with clear and truthful information concerning the availability of important legal services. An accurate testimonial, in fact, is nothing more than a flat statement of the truth. “States may prohibit actually or inherently misleading commercial speech entirely. They may not, however, ban 'potentially misleading commercial speech if narrower limitations could be crafted to ensure that the information is presented in a nonmisleading manner.” Peel v. Attorney Registration & Disciplinary Comm’n, 492 U.S. 469,-, 110 S.Ct. 2281, 2293, 110 L.Ed.2d 83 (1990) (Marshall, J., concurring) (emphasis in original) (citation omitted). Further, the state may not limit legal advertising to “a bland statement of purely objective facts”: “[S]o long as the First Amendment protects the right to solicit legal business, the State may claim no substantial interest in restricting truthful and nondeceptive lawyer solicitations to those [forms] least likely to [gain the attention of] the recipient.” Shapero v. Kentucky Bar Ass’n, 486 U.S. 466, 108 S.Ct. 1916, 1924, 100 L.Ed.2d 475 (1988). I believe that The Florida Bar can formulate limitations that are far more artfully tailored to eliminate deceptive advertising. The above restrictions can hardly be considered "narrowly tailored to achieve the desired objective,” as required by the first amendment. Board of Trustees v. Fox, — U.S. -, 109 S.Ct. 3028, 3035, 106 L.Ed.2d 388 (1989).
To my mind, the adopted rule banning the mailing of letters to accident or disaster victims until thirty days after the accident occurs is also unlawful. While all parties agree that a total ban on such targeted, direct-mail solicitation is illegal under Shapero, the majority hopes to evade this proscription by characterizing its restriction as a partial ban applying only to personal injury and wrongful death cases and only for the first thirty days following the accident or disaster. In my opinion, this constitutes an absolute ban on personal injury cases during a most critical period. This ban will effectively deprive many accident victims of information concerning the availability of professional legal assistance precisely when they need it most— during the initial period following a serious accident when they are confronted with an unintelligible legal tangle and demands to waive or compromise their rights. It is during this time that informed decision-making is crucial.
The majority’s rationale that the ban on direct-mail advertising is necessary because of “the sensitized state of the potential clients” has already been rejécted by the United States Supreme Court in Shapero. There, the Court noted that although in-person solicitation is rife with possibility for exerting undue influence on vulnerable accident victims and may be banned entirely, the same is not true of advertising by letter. “Unlike the potential client with a badgering advocate breathing down his neck, the recipient of a letter ... can ‘effectively avoid further bombardment of *475 [his] sensibilities simply by averting [his] eyes’_ A letter, like a printed advertisement (but unlike a lawyer), can readily be put in a drawer to be considered later, ignored, or discarded.” Shapero, 108 S.Ct. at 1922-23 (citations omitted).
In sum, it appears to me that the majority, out of frustration and annoyance, is swatting at a troublesome and persistent Bar fly with a sledgehammer.